**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    14-50466 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00633-CAB |
| v. | |
| JAVIER TOSHIRO TOKUNAGA-FUJIGAKI, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted August 25, 2015**

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Javier Toshiro Tokunaga-Fujigaki appeals from the district court's judgment

and challenges the 48-month sentence imposed following his guilty-plea

conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and 960. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Tokunaga-Fujigaki argues that the district court erred in denying a minor role reduction to his base offense level under U.S.S.G. § 3B1.2(b). After Tokunaga-Fujigaki was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

Among other things, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Because we cannot definitively determine from the record whether the district court considered all of those factors in determining whether Tokunaga-Fujigaki was entitled to a minor role adjustment, we vacate Tokunaga-Fujigaki's sentence and remand for resentencing under the Amendment. *See Quintero-Leyva*, 823 F.3d at 523-24.

In light of this disposition, we do not reach Tokunaga-Fujigaki's claim that his three-year supervised release term is substantively unreasonable.

**VACATED and REMANDED for resentencing.**